IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF UTAH

| | |
|---|---|
| TRACY HARPER and PAULA HARPER,<br><br>Plaintiffs,<br><br>v.<br><br>STATE FARM FIRE & CASUALTY COMPANY,<br><br>Defendant. | MEMORANDUM DECISION AND ORDER<br><br><br>Case No. 1:22-cv-62-TS<br><br>District Judge Ted Stewart |

This matter is before the Court on competing motions to exclude witnesses. For the reasons discussed below, the Court will grant Defendant's Motion in part and deny Plaintiffs' Motion in its entirety.

I.  BACKGROUND

This case involves claims of breach of contract related to an insurance policy for the roof of Plaintiffs' home. Plaintiffs' home was insured by Defendant from April 15, 2020, to April 15, 2021.[1] Following a windstorm on June 7, 2020, Plaintiffs contacted Defendant to open a claim regarding damage to the wood-shake roof of their home.[2] A dispute arose between the parties concerning the extent of the needed repairs resulting in this case. Dissatisfied with Defendant's initial estimate, Plaintiff hired Utah Public Adjusters ("UPA") to examine the roof. After examining the roof, Tyler Karr, a public adjuster with UPA, sent an email to Defendant,

---

[1] Docket No. 22 ¶ 1.

[2] Docket No. 2 ¶¶ 8–9.

"advising of his representation and enclosing his estimate."[3] Karr's report detailed repair costs totaling $93,710.37 and recommended a full roof replacement.[4] Plaintiffs' contract with UPA entitled UPA to 12% of the amount paid on the claim.[5]

Both parties have retained experts in the areas of roof repair, engineering, and claims adjusting. Defendant argues that Plaintiffs' non-retained experts should be excluded because their proffered testimony is cumulative of other witnesses. Plaintiffs oppose Defendant's Motion but argue that should their witnesses be excluded, the Court should exclude some of Defendant's experts to provide some parity between the parties. In addition to arguing that Plaintiffs' experts are cumulative, Defendant argues that exclusion is proper because certain of Plaintiffs' experts have a financial interest in the outcome of this litigation. Each argument will be addressed in turn.

## II.  DISCUSSION

A.   CUMMULATIVE EXPERTS

Federal Rule of Evidence 403 provides that "[t]he court may exclude relevant evidence if its probative value is substantially outweighed by a danger of . . . needlessly presenting cumulative evidence." Cumulative evidence is "evidence which goes to prove what has already been established by other evidence."[6] The Tenth Circuit has suggested that, if the witnesses'

---

[3] Docket No. 22 ¶ 6; *see also* Docket No. 2 ¶ 10; Docket No. 22-5.

[4] Docket No. 22 ¶ 6.

[5] Docket No. 28-2.

[6] *United States v. Otuonye*, 995 F.3d 1191, 1208 (10th Cir. 2021) (quoting *Smith v. Sec'y of N.M. Dep't of Corr.*, 50 F.3d 801, 829 (10th Cir. 1995)).

2

testimonies are not "a total repeat" of each other, and the witnesses provide more detail or discuss topics not raised by the other, the testimony is not cumulative.[7]

Under this standard, the Court concludes that the proposed testimony of Matthew Jenson and Tyler Karr is unduly cumulative. Plaintiffs' description of Mr. Jenson's and Mr. Karr's testimony is nearly identical.[8] In fact, Plaintiffs' description of their testimony is so similar that Plaintiffs repeatedly refer to Mr. Karr as Mr. Jenson.[9] Based upon Plaintiffs' expert disclosures, it appears that Mr. Karr and Mr. Jenson's proposed testimony would be a total repeat of each other. As such, the Court will exclude one of these witnesses.

Because it was Mr. Karr who inspected the roof and prepared the estimate,[10] the Court finds it appropriate to exclude Mr. Jenson, whose sole role appears to be his ownership of Utah Public Adjustors.[11] Even without his testimony being unduly cumulative, it is not at all clear that Plaintiffs would be able to establish sufficient foundation to allow Mr. Jenson to testify about the roof and Mr. Karr's estimate. Therefore, Mr. Jenson's testimony will be excluded. However, the Court rejects Defendant's request to exclude any additional witnesses as cumulative. While there may be some overlap between Plaintiffs' remaining expert witnesses, the Court cannot say at this point that they are unnecessarily cumulative.

Turning to Defendant's experts, the Court cannot conclude that they are so cumulative as to require exclusion. As an initial matter, Plaintiffs' Motion makes no real substantive argument

---

[7] *United States v. Archuleta*, 737 F.3d 1287, 1292–93 (10th Cir. 2013).

[8] Docket No. 28-1.

[9] *Id.*

[10] Docket No. 28-3, at 32:5–8.

[11] Docket No. 28-4, at 4:23–25.

to support exclusion. Instead, Plaintiffs' Motion is a reaction to Defendant's Motion and argues that, if any of their witnesses are excluded, the Court must even the playing field by excluding some of Defendant's experts. Plaintiffs provide no support for this sort of tit-for-tat. Instead, the Court must apply the Rules of Evidence to determine whether Defendants' experts should be excluded as cumulative.

Here, there is no basis to exclude Defendant's experts as cumulative. Defendant has designated three experts: Steven J. Cosper, Timothy Berry, and Priscilla Stimpson.[12] Mr. Cosper is a structural engineer and his testimony relates to the cause of the roof damage.[13] Mr. Berry is a roofing expert who will testify as to his evaluation of the roof.[14] While Mr. Cosper and Mr. Berry have similar reports, their testimony does not appear to be identical. Finally, Ms. Stimpson is designated to provide testimony on the claims adjusting process,[15] testimony that is far different from the other proposed experts. Based upon this, the Court declines to exclude Defendant's experts because of cumulativeness.

B.   FINANCIAL INTEREST

Defendant also seek exclusion of Plaintiffs' non-retained experts, arguing that they have a financial interest in the outcome. This is based on the agreement between Plaintiffs and UPA wherein UPA would receive 12% of whatever may be paid on the claim, including as a result of this litigation. At the time Mr. Karr inspected the roof and prepared his estimate, he was an

---

[12] Docket No. 32-1.

[13] Docket No. 32-3.

[14] Docket No. 32-2.

[15] Docket No. 32-4.

employee of UPA. As such, he stood to make 65% of whatever UPA received.[16] However, Mr. Karr is no longer employed with UPA[17] and Defendant provides no evidence that he continues to have a financial stake in the outcome of this case. Instead, it appears that UPA and Mr. Jenson are the ones who would benefit from a favorable verdict. By excluding Mr. Jenson as discussed, this alleviates the concern that courts have concerning experts who have a financial interest in the litigation.[18]

Defendant also suggests that Plaintiffs' other non-retained expert, Sonja Beekley, should be excluded based on her testimony that she is paid 30% of net profits if she secures a roof replacement job for her employer.[19] However, Defendant provides no evidence that Plaintiffs and Ms. Beekley's employer have entered into a roof replacement agreement. Instead, any financial benefit for Ms. Beekley is contingent on future events—her employer entering into an agreement with Plaintiffs to replace their roof—that may never happen. This fact reduces the link between a potential favorable verdict and a financial benefit to Ms. Beekley.[20] Therefore, the Court declines to exclude her.

---

[16] Docket No. 28-4, at 10:12–15.

[17] Docket No. 28-3, at 10:15–11:3.

[18] *See Healy-Petrik v. State Farm Fire & Cas. Co.*, No. 2:20-cv-00611-TC-JCB, 2022 WL 464220, at *7 (D. Utah Feb. 15, 2022) (noting "public policy reasons to exclude experts with such direct financial stakes" but allowing testimony from a public adjustor).

[19] Docket No. 28-5, at 9:8–17.

[20] *See Angus v. State Farm Fire & Cas. Co.*, No. 1:21-cv-00034-JNP-JCB, 2022 WL 4610047, at *7 (D. Utah Sept. 30, 2022) (permitting expert testimony from a witness who had a potential financial benefit if his employer was ultimately selected to perform work on the plaintiff's home).

## III.  CONCLUSION

It is therefore

ORDERED that Defendant's Motion to Exclude (Docket No. 28) is GRANTED IN PART AND DENIED IN PART. It is further

ORDERED that Plaintiffs' Motion to Exclude (Docket No. 30) is DENIED.

DATED this 9th day of September, 2024.

BY THE COURT:

Ted Stewart
United States District Judge